

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 20, 2018

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

    Re:    *United States v. Michael Yin*, 18 Cr. 494 (RA)

Dear Judge Abrams:

    As the Court is aware, this case was earlier today reassigned to you Honor from Judge Koeltl, to whom the case was originally assigned. Attached please find a letter (with exhibits) that the Government submitted on July 17, 2018 to Judge Koeltl and Judge Woods pursuant to Local Criminal Rule 1.1(b) to bring to the Court's attention facts relevant to a determination whether this case and *United States v. Benjamin Chow*, 17 Cr. 667 (GHW), which is related to this case, should be heard before one Court in order to avoid unnecessary duplication of judicial effort.

                      Respectfully submitted,

                      GEOFFREY S. BERMAN
                      United States Attorney

        By:       /s/
                      Max Nicholas
                      Scott Hartman
                      Elisha J. Kobre
                      Assistant United States Attorneys
                      Tel. (212) 637-2599 / -2357/ -1565

cc (by e-mail):
Michael Sommer, Esq.



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 17, 2018

## BY ELECTRONIC MAIL

The Honorable John G. Koeltl
The Honorable Gregory H. Woods
United States District Judges
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Michael Yin*, 18 Cr. ___ (JGK);

Dear Judge Koeltl and Judge Woods:

    The Government writes pursuant to Local Criminal Rule 1.1(b) to bring to the Court's attention facts relevant to a determination whether these cases should be heard before one Court in order to avoid unnecessary duplication of judicial effort. *See* Local Criminal Rule 1.1(b) (expressly incorporating Local Civil Rule 1.6 ("Duty of Attorneys in Related Cases")).

    On July 16, 2018, a grand jury returned an indictment, 18 Cr. ___ (JGK), charging Michael Yin with conspiracy to commit securities fraud, 18 U.S.C. § 371, twelve counts of securities fraud, 15 U.S.C. §§ 78j(b) and 78ff, and one count of securities fraud, 18 U.S.C. § 1348 (the "Yin Indictment"). The charges in the Yin Indictment arise from an insider trading scheme conducted by Yin and co-conspirator Benjamin Chow from in or about March 2016 through in or about February 2017. As alleged in the Yin Indictment, Yin obtained from Chow and traded on the basis of material nonpublic information relating to a potential merger between private equity firms managed by Chow and Lattice Semiconductor Corporation ("Lattice"). Yin's profits from the scheme exceeded $5 million.

    The allegations in the Yin Indictment are substantially the same as those in a previous indictment filed in this Court charging Chow, 17 Cr. 667 (GHW) (the "Chow Indictment"). The Yin and Chow Indictments contain the same charges and both involve the same set of facts.[1] On April 24, 2018, following a nine-day trial before Judge Woods, Chow was convicted on the conspiracy charge and seven counts of insider trading. Chow is scheduled to be sentenced before Judge Woods on August 20, 2018.

---

[1] There is a small variation in the dates of the conspiracy charged in Count One and the securities fraud scheme charged in Count Fourteen of both indictments.

Page 2

The charges against Yin arise out of the same scheme and set of transactions as those in the case against Chow. The Yin case will therefore likely raise many of the same legal issues already decided by Judge Woods before and during trial in *United States v. Chow*. Moreover, if the Yin case proceeds to trial, the evidence will include many of the same witnesses and documents as those admitted at Chow's trial. As a result, it is likely that many of the evidentiary issues already resolved by Judge Woods at Chow's trial will arise again at a trial of Yin.

Copies of the Yin and Chow Indictments are attached to this letter as Exhibits A and B respectively.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Max Nicholas
Scott Hartman
Elisha J. Kobre
Assistant United States Attorneys
Tel. (212) 637-2599 / -2357/ -1565

cc (by e-mail):
Michael Sommer, Esq.